LEE, P.J.,
Dissenting.
¶ 57. Because I find that there was sufficient evidence for the jury to find John Johnson guilty of depraved-heart murder, I would affirm Johnson’s conviction. The majority has invaded the province of the jury and reversed the murder conviction. However, the jury heard the testimony, saw the demeanor of the witnesses, assessed their credibility, and found Johnson guilty of depraved-heart murder, not manslaughter.
¶ 58. It was undisputed that Johnson and Keith Franklin had a contentious relationship. Three months prior to the murder, Johnson and Franklin were involved in a violent altercation, during which both men shot at each other.
¶ 59. The majority takes issue with the lack of witnesses testifying for the prosecution, as if the number of witnesses somehow relates to whether the accused was guilty. The prosecution called only one eyewitness, and the defense called three, including Johnson. However, the jury clearly found that the testimony of the eyewitness for the prosecution was more credible. This eyewitness, Linda Mizell, testified that Johnson started to leave the premises, and “as [Franklin] was grabbing his beer ... [Johnson] turned around, [and] shot him.” Mizell further testified *403 that, although Franklin was grabbing his beer bottle from the back of Johnson’s truck, Franklin was “walking away. [Franklin] was turning around.” The majority emphasizes that Mizell left the scene for a short time, and that she was the furthest away from Johnson and Franklin. Once Johnson and Franklin began arguing, Mizell took her daughter inside and immediately came back outside. Mizell testified that she was approximately fourteen feet away from where Johnson shot Franklin, and although it was dark outside, she could see clearly because of good lighting in the area. Mizell testified that Franklin did not break his beer bottle and threaten Johnson with it.
¶ 60. Starla Johnson, Johnson’s daughter, testified for the defense, but her statements during trial conflicted with her statements given to law enforcement. Furthermore, her two statements given to law enforcement were also conflicting. During trial, Starla stated that Franklin attempted to strike Johnson. However, Starla failed to mention this in either of her two statements to law enforcement.
¶ 61. Rodney Welford, who arrived at the scene with Johnson in Johnson’s truck, testified that Johnson and Franklin were arguing; Franklin broke a beer bottle against Johnson’s truck; and Franklin advanced upon Johnson brandishing the broken beer bottle. However, the authorities were unable to find any broken beer bottle or glass from a broken beer bottle at the scene. The authorities did find two intact beer bottles near Franklin’s body, but neither was broken. Although Starla was standing next to Franklin and Johnson, Starla did not see Franklin with the beer bottle or hear any glass break. In fact, Starla’s testimony implies that Franklin’s hands were empty. The only witnesses who testified that Franklin broke a beer bottle were Welford and Johnson, notwithstanding the fact that the authorities never found any broken beer bottles or glass. Furthermore, Welford, who fled the scene with Johnson that night, delayed telling the police what had transpired until approximately two months after the altercation.
¶ 62. Viewing the evidence in the light most favorable to the prosecution, we find that a reasonable juror could have found, beyond a reasonable doubt, that Johnson was guilty of depraved-heart murder. Depraved-heart murder is the killing of a human being “[w]hen done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual!.]” Miss. Code Ann. § 97 — 3—19(l)(b) (Rev.2006) (emphasis added). “[T]he question of whether the defendant has committed murder or manslaughter is ordinarily a question to be resolved by the jury.” Strahan v. State, 729 So.2d 800, 806(¶ 24) (Miss.1998). The majority contends that “the record supports that Johnson lacked malice when shooting at Franklin.” However, the majority itself cites to numerous examples of the violent nature of the relationship between Johnson and Franklin, such that a reasonable jury could find that Johnson acted with malice when he killed Franklin. Although Johnson may or may not have gone to Mizell’s house intending to kill Franklin, his actions constituted “an act eminently dangerous to others and evincing a depraved heart.”
¶ 63. The jury clearly had concerns with the credibility of the witnesses for the defense and determined that Franklin was not the aggressor. The jury was instructed on deliberate-design murder, depraved-heart murder, manslaughter, and self-defense. After hearing the testimony, observing the demeanor of the witnesses, and *404 being folly instructed on the law, the jury found the defendant guilty of depraved-heart murder. I would uphold the decision of the jury; therefore, I would affirm Johnson’s conviction and sentence.
MYERS, P.J., IRVING AND CARLTON, JJ., JOIN THIS OPINION.